```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LORI MORGAN                       :      CIVIL ACTION
                                  :
        v.                        :
                                  :
MANN BRACKEN                      :      NO. 09-cv-03270-JF
```

<u>MEMORANDUM</u>

Fullam, Sr. J.                                    January 26, 2010

      Plaintiff brought this action to recover damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and now seeks an award of counsel fees pursuant to that statute. In relevant part, the statute provides that violators of the statute are "liable to such person in an amount equal to the sum of:

    (1) [actual damages];

    (2) additional damages as the court may allow, but not exceeding $1,000; and

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court ..." 15 U.S.C. § 813.

      The defendant objects to the application for fees, on the sole ground that the application comes too late, because Fed. R. Civ. P. 54(D)(2)(B)(1) provides that a motion for attorney's fees must be filed not later than 14 days after entry of judgment. In the present case, plaintiff's motion was indeed filed after the judgment (by consent) had been entered.

I conclude that Fed. R. Civ. P. 54 applies only when the attorney's fees are to be awarded for obtaining a judgment, not when the attorney's fees are to be included in the judgment. Indeed, the Rule so provides "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages"; and the 14-day deadline applies only to such motions.

I further find, on the basis of the record to date, that the parties had agreed to an extension of time, and that, in any event, plaintiff would be entitled to an extension based on "excusable neglect" (if, indeed, the defendant's argument that the 14-day deadline applies were held to be correct).

Plaintiff's application for counsel fees will therefore be granted.

An Order follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.